# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

REBECCA BRIDGES on behalf of )
R.M.B., a minor, )
                                  )
          Plaintiff, )
                                  )
v.                                   )   Case No. CIV-18-016-KEW
                                  )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
                                  )
          Defendant. )

## OPINION AND ORDER

Plaintiff Rebecca Bridges ("Plaintiff"), on behalf of the minor child, R.M.B. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 7 years old when the ALJ issued his decision. Claimant is alleged to have become disabled due to attention deficit hyperactivity disorder ("ADHD") and Ehlers Danlos syndrome.

## Procedural History

On July 14, 2014, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On May 6, 2016, Plaintiff appeared at an administrative hearing before Administrative Law Judge Ralph F. Shilling (the "ALJ"). The ALJ issued an unfavorable decision on December 12, 2016. On November 17, 2017, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of

further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation.  He determined that Claimant's condition did not meet a listing and she had not been under a disability during the relevant period.

**Review**

Plaintiff asserts the ALJ committed error in (1) improperly evaluating and weighing the medical evidence; (2) evaluating consistency under Soc. Sec. R. 16-3p; and (3) reaching a decision which was not supported by substantial evidence.

**The Step Three Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of Ehlers Danlos syndrome, ADHD, and seizures. (Tr. 26).  The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments.  (Tr. 32-34).  The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments.  He concluded Claimant had less than marked limitation in the areas of acquiring and using information, attending and completing tasks, moving about and manipulating objects, and health and physical well-being.  He found no limitations in the areas of interacting

4

and relating to others, and caring for yourself. (Tr. 34-41).

Plaintiff contends the ALJ improperly gave the opinions of the testifying medical expert "significant weight"and the testifying psychological medical expert's opinion "great weight" while discounting the opinion of Claimant's treating physician. Specifically, Dr. Mohsin Maqbool completed a Childhood Disability Evaluation Form on Claimant dated October 22, 2015. Dr. Maqbool summarized Claimant's impairments as follows:

> attention deficits, memory difficulties, learning difficulties, language problems, handwriting difficulties, fine & gross motor skills, poor social skills, disturbed sleep, unsteady gait, muscle weakness.

(Tr. 717).

He diagnosed Claimant with ADHD, seizures, and Ehlers Danlos syndrome. The objective medical evidence which supported Dr. Maqbool's findings were listed by him as "quotient ADHD testing, MRI of brain, EKG, neuro-psych evaluation." Id. In assessing the six functional domains, Dr. Maqbool found Claimant had an "extreme" limitation in the areas of acquiring and using information, caring for yourself, and health and physical well being. She was found to have a "marked" limitation in the areas of attending and completing tasks, interacting and relating with others, and moving about and manipulating objects. (Tr. 717-19).

The ALJ recited Dr. Maqbool's findings in the decision. (Tr.

5

31). He ultimately gave the opinion "less weight" "because these extreme limitations are not fully supported by the claimant's school records, and they are inconsistent with the medical expert testimony." (Tr. 34).

The ALJ must evaluate every medical opinion in the record and consider several factors in deciding the weight that should be given to any medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). The ALJ must "give good reasons" for the weight he ultimately assigns a medical opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins v. Barnhart, 350 F.3d 1297, 1301 (quotations omitted).

The ALJ first limited the weight given to Dr. Maqbool's opinion based upon the school records. The ALJ recited extensively from the records to indicate that Claimant functioned independently in class but fatigued easily and required frequent breaks. (Tr. 320). She met most of the educational standards except for

6

reading. Her fine and gross motor skills were age appropriate. (Tr. 350). Claimant developed relationships with peers, respected staff members, and was cooperative. (Tr. 320). She adjusts well to changes and completes tasks. Id. She demonstrated academic strengths in problem solving, she writes neatly, and works well with numbers. Id. *See also* (Tr. 26-27). These findings and the detailed records of her actual progress in school belie the extreme findings by Dr. Maqbool.

Additionally, a curiosity in Dr. Maqbool's reliance on objective testing is the fact that the testing did not support his findings. As indicated by Defendant, a neuropsychological exam revealed Claimant did not meed the criteria for ADHD (Tr. 596), the brain MRI and EKG were normal (Tr. 592, 376), and the neuropsychological evaluation showed average to low average level of functioning. (Tr. 631-33). These findings do not lend support for Dr. Maqbool's extreme functional limitations. Based upon these discrepancies and conflicts within the objective record in relation to Dr. Maqbool's opinion, the ALJ's reliance on Dr. Beth Maxwell and Dr. Subramaniam Krishnamurthi, who both testified at the hearing, was reasonable and well-founded. (Tr. 32, 34). The ALJ provided appropriate reasoning for the weight given to Dr. Maqubool's opinion.

7

Claimant also contends the ALJ did not properly evaluate the opinion of Dr. Joseph Ray, who provided a medical source statement dated September 24, 2016. (Tr. 855-60). The problem is that Dr. Ray's assessment of Claimant's work type limitations are misplaced in this evaluation of a minor's functioning. The ALJ attempted to fit a "square peg" of an evaluation into a "round hole" of childhood disability but Dr. Ray's opinion was of limited value since no residual functioning analysis is required under a childhood disability case. The ALJ found applicability in two domains which he incorporated into his decision. (Tr. 34). No error is attributed to the ALJ's treatment of Dr. Ray's opinion.

Claimant also contends the opinions of Dr. Francomano should have been further considered. His findings were largely normal and did not bear on the relevant six domains. (Tr. 725-31). Nurse practitioner Ms. Jacob also did not offer opinions on the childhood disability domains. (Tr. 623). As previously noted, Dr. Taylor's neuropsychological evaluation placed Claimant in the low average to high average functioning and opined that Claimant did not have ADHD. (Tr. 631-33). The ALJ adequately addressed all of these opinions and they did not erode the functional domains which he found. (Tr. 29-30). This Court finds no error in the ALJ's consideration of the opinion evidence. Substantial evidence

supports his conclusions in the six domain areas.

### Consistency under Soc. Sec. R. 16-3p

Plaintiff contends the ALJ failed to properly consider the credibility of her statements of Claimant's limitations under Soc. Sec. R. 16-3p. Plaintiff testified to Claimant's seizures, trouble in school, the effects of her ADHD, heart problems, writing problems, trouble with falling, and little socialization outside of her family. (Tr. 26). However, the evidence contradicts this testimony with school records showing good adaptation and socialization, and performance at grade level, as previously noted. The medical evidence shows no ADHD, no problems noted in an EKG, and a normal brain MRI, also as previously noted. This Court finds that the ALJ properly evaluated Plaintiff's testimony in light of the objective record and arrived at appropriate conclusions.

### Consideration of the Domain Areas

Claimant challenges the findings of the ALJ in the six functional domain areas. In order to have a marked impairment in the Acquiring and Using Information domain, the regulations state that the agency will consider how well a child acquires or learns information and how well she uses the information she has learned. 20 C.F.R. § 416.926a(g).

In this area, this Court cannot conclude that the ALJ erred in his assessment of Claimant's ability to Acquire and Use Information. Substantial evidence supports his conclusion that Claimant experienced less than a marked limitation in this area given the assessments by the mental health professionals, including Dr. Taylor and Dr. Maxwell. Plaintiff's attempt to incorporate Dr. Maqbool's opinion has been rejected. This Court agrees with Defendant that Plaintiff is requesting that the evidence be reweighed in large measure - a standard not available on review. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

This Court also can find no error in the ALJ's assessment of the domain of Attending and Completing tasks. The regulations require an analysis of how well a child focuses and maintains her attention and how well she begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them. 20 C.F.R. § 416.926a(h). Claimant met several academic standards, again relying upon the school records and Dr. Maxwell's and Dr. Taylor's evaluation. (Tr. 37).

The domain of Interacting and Relating to Others requires consideration of how well a child initiates and sustains emotional connections with others, develops and uses the language of her community, cooperates with others, complies with rules, responds to

criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). The ALJ relied upon Plaintiff's testimony and her school records to find no limitation in this domain. He also relied upon the opinions of Dr. Maxwell and others. (Tr. 38). No error is found in the consideration of this domain and the ALJ's conclusions are supported by substantial evidence.

The domain of moving about and manipulating objects considers how a child moves her body from one place to another and how she moves and manipulates things, encompassing their fine and gross motor skills. 20 C.F.R. § 416.926a(j). The ALJ's findings of less than marked limitation in this domain. (Tr. 39). Dr. Maxwell's opinion as well as the school records supported the ALJ's conclusion in this domain. Id. Substantial evidence supported his conclusions.

The next domain known as Caring for Yourself requires an evaluation of how well a child maintains a healthy emotional and physical state, including how well she satisfies her physical and emotional wants and needs in appropriate ways. 20 C.F.R. § 416.926a(k). School records and Dr. Maxell supported a finding of no limitation in this domain. (Tr. 40). The conclusion is supported.

The final domain of health and physical well being encompasses the cumulative effects of physical and mental impairments and any

11

associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects. 20 C.F.R. § 416.926a(l). The ALJ evaluated the medical evidence together with the testifying expert witnesses and concluded that Claimant had less than a marked limitation in this domain. (Tr. 41). The conclusion is supported by substantial evidence. Plaintiff's urging to essentially reweigh the evidence is rejected.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 19th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE